# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. W-10-CR-162-ADA** |
| | § | |
| **COURTNEY ELIZABETH HERNANDEZ** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

On December 10, 2010, the court sentenced the defendant for violation of 18 U.S.C. § 1201(a)(1) and (d)—Kidnapping. The Court sentenced the defendant to one hundred eighty (180) months, followed by a three (3) year term of supervised release, a $3,000.00 fine and a $100.00 special assessment. On June 30, 2023, the defendant was released to supervision.

1

On July 19, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The petition alleges the defendant violated the terms of his supervision in the following instances:

> **Violation Number 1: Nature of Non-Compliance:** The defendant violated mandatory condition number 1, not to commit another federal, state, or local crime. On August 15, 2024, the defendant was arrested for committing the subsequent offense of Theft, $2,500 to $30,000 from a non-profit, a third-degree felony.
>
> **Factual Basis:** On August 15, 2024, Courtney Hernandez was taken into custody by the United States Marshals Service in Woodway, Texas. According to the offense report received from the Waco Police Department, a report was filed on or about August 5, 2024, alleging that the defendant had used the company credit card belonging to the Farmer Veteran Coalition for approximately $16,000 in personal non-work-related purchases. The defendant also retained possession of a laptop valued at approximately $900 after being asked to return it multiple times. Courtney Hernandez was employed at the Farmer Veteran Coalition from January 2024 through May of 2024.

## II.  FINDINGS OF THE COURT

At the hearing, the defendant pleaded no contest to the violation. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violation.

1. The defendant was competent to make the decision to enter a plea to the allegations.

2. The defendant had both a factual and rational understanding of the proceedings against her.

3. The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

4. The defendant has not had any injury that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

5. The defendant was sane and mentally competent to stand trial for these proceedings.

6. The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

7. The defendant received a copy of the petition naming her, and she either read it or had it read to her.

8. The defendant understood the petition and the charges alleged against her and had the opportunity to discuss the petition and charges with her attorney.

9. The defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing.

10. The defendant freely, intelligently, and voluntarily entered her plea to the allegations.

11. The defendant understood her statutory and constitutional rights and desired to waive them.

## III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that she be remanded to the custody of the U.S. Marshal for six months, with no term of supervised release to follow. The defendant should also receive credit for time served since her arrest on August 22, 2024.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED this 28th day of August 2024.**

**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**